UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GAS MARINA OVERSEAS LTD.,

                Plaintiff,

   - against -

SOUTHBAY SHIPPING LTD. and SILVER UNION
GROUP LIMITED,

                Defendants.
-------------------------------------------------------------X

07 CV _____

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, GAS MARINA OVERSEAS LTD., (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, SOUTHBAY SHIPPING LTD. ("Southbay") and SILVER UNION GROUP LIMITED ("SUG")(hereafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Owner of the motor vessel "XING HUI 6" (hereinafter the "Vessel").

3. Upon information and belief, Defendant Southbay was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times Charterer of the Vessel.

4. Upon information and belief, Defendant SUG was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the alter-ego, alias and/or paying agent of the Defendant Southbay.

5. By a charter party dated March 23, 2007 Plaintiff chartered the Vessel to Defendant Southbay.

6. A dispute arose between the parties regarding Southbay's failure to pay demurrage due and owing to Plaintiff under the charter party contract.

7. As a result of Southbay's breach of the charter party, Plaintiff has sustained damages in the total principal amount of $30,398.48, exclusive of interest, arbitration costs and attorneys fees.

8. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in the Hong Kong with English Law to apply.

9. Despite due demand, Southbay has failed to pay the amounts due and owing under the charter party.

10. Therefore, Plaintiff is preparing to initiate arbitration proceedings on its claims in Hong Kong.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $30,398.48 |
| B. | Estimated interest on claim:<br>3 years at 7.0% compounded quarterly | $7,035.40 |
| C. | Arbitration costs: | $6,000.00 |
| D. | Estimated attorneys' fees and expenses: | $10,000.00 |

2

**Total**                                                                     $53,433.88

12.  Southbay is the alter-ego of SUG because SUG dominates and disregards Southbay's corporate form to the extent that SUG is actually carrying on Southbay's business and operations as if the same were its own, or vice-versa.

13.  Upon information and belief, SUG uses Southbay as a "pass through" entity such that it can insulate itself from creditors relating to its charters.

14.  Upon information and belief, SUG refers to Southbay as its "shipping division."

15.  Upon information and belief, SUG and Southbay commingle funds and do not observe corporate formalities.

16.  It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies.

17.  Payments received on behalf of another independent company are suggestive of a relationship that is not "arm's length."

18.  Upon information and belief, SUG makes payments on Southbay's behalf where SUG has absolutely no contractual obligation to Southbay's creditors.

19.  Upon information and belief, SUG made the entire freight payment due under the Gas Marina-Southbay charter party on Southbay's behalf on April 25, 2007 in the amount of $145,683.59.

20.  In addition, Defendants share the same URL address: silverunion.net.

21.  Defendant SUG's website, http://www.silverunion.net/contact.htm, provides that correspondence to SUG is to be sent to the following addresses: trading@silverunion.net, comtext@silverunion.net, and shipping@silverunion.net.

3

22. Upon information and belief, communications to Southbay are to be sent to ay@silverunion.net or shipping@silverunion.net.

23. Thus, upon information and belief, SUG controls Southbay's communications.

24. In the further alternative, SUG is a paying agent of Southbay such that SUG is now, or will soon be, holding assets belonging to Southbay and vice versa.

25. In the further alternative, Defendants are partners and/or are joint venturers.

26. In the further alternative, Defendants are affiliated companies such that SUG is now, or will soon be, holding assets belonging to Southbay and vice versa.

27. In the further alternative, "SOUTHBAY SHIPPING LTD." is an alias of "SILVER UNION GROUP LIMITED."

28. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

29. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$53,433.88** belonging to, due or being transferred to, from, or for the benefit of the Defendant(s), including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       June 6, 2007

                                The Plaintiff,
                                GAS MARINA OVERSEAS LTD.

By: _____
    Kevin J. Lennon (KL 5072)
    Patrick F. Lennon (PL 2162)
    Nancy R. Peterson (NP 2871)
    LENNON, MURPHY & LENNON, LLC
    The Gray Bar Building
    420 Lexington Ave., Suite 300
    New York, NY 10170
    (212) 490-6050
    facsimile (212) 490-6070
    kjl@lenmur.com
    nrp@lenmur.com
    pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, NY
         June 6, 2007

_____
Kevin J. Lennon

7